UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GET LIT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRADE EXPOSITION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Get Lit, LLC ("Get Lit") files this Complaint for patent infringement and demand for jury trial against Defendant Trade Exposition ("Defendant") and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, specifically, Defendant's infringement of U.S. Patent No. 10,588,202 (the "'202 Patent"), which is owned by Get Lit.

### II. THE PARTIES

2. Get Lit is a limited liability company formed under the laws of the State of Kansas with a place of business at 1309 N. Mosley Street, Wichita, Kansas 67214.

3. Upon information and belief, Defendant Trade Exposition is an Indian company with a place of business in Ahmedabad, Gujarat, India.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant as it directly targets business activities toward consumers in the United States, including Illinois, through at least its fully interactive, e-commerce store operating on Amazon.com ("Amazon"). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an Amazon store that targets the United States, offers shipping to the United States, including those in Illinois, accepting payment in U.S. dollars and, upon information and belief, having sold products that infringe the '202 Patent to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Get Lit substantial injury in the State of Illinois.

## IV. FACTUAL BACKGROUND

6. Get Lit is an online distributor of a variety of lighting products and digital picture frames, all of which are handmade in Wichita, Kansas.

7. Get Lit's most successful product is its line of FRIENDSHIP LAMPs®.

8. FRIENDSHIP LAMPs® are Wi-Fi enabled, programmable lamps that enable users to connect two or more FRIENDSHIP LAMPs® to communicate with each other, such that when one lamp is touched, both FRIENDSHIP LAMPs® light up. Users can program their FRIENDSHIP LAMPs® so that their light turns one of 250 different colors, to which the members of the group can assign different meanings.

9. Get Lit's FRIENDSHIP LAMPs® are covered by the '202 Patent as well as by U.S. Patent No. 11,129,263 (the "'263 Patent").

**A. The '202 Patent**

10. The United States Patent and Trademark Office duly and legally issued the '202 Patent on March 10, 2020. A true and correct copy of the '202 Patent is attached hereto as **Exhibit A**.

11. The '202 Patent, entitled Communicative Lighting Systems, claims a communicative lighting system comprised of a plurality of network connected light sources. Each light source possesses an identifier permitting the light sources to be associated with one another. An input received by one light source alters the light output of that light source as well as other light sources associated with it. The light output of a light source may be altered by changing color, brightening or dimming, blinking, adjusting which of a plurality of light emitting diodes are activated or otherwise modifying the type or amount of light output.

12. Claim 1 of the '202 Patent reads as follows:

A communicative lighting system comprising:

a first light source connected to a first network, the first light source having at least one input mechanism, at least one light output mechanism, and a permanently assigned first identifier retained in a non-transitory computer-readable memory within the first light source, the non-transitory computer-readable memory within the first light source further providing computer readable instructions to be executed by a computer processor within the first light source;

a second light source connected to a second network, the second light source having at least one input mechanism, at least one light output mechanism, and a permanently assigned second identifier retained in a non-transitory computer-readable memory within the second light source, the non-transitory computer-readable memory within the second light source further providing computer readable instructions to be executed by a computer processor within the second light source; and

a server connected to at least one network accessible to both the first light source via the first network and the second light source via the second network, the server receiving messages from at least the first light source and the second light source to associate the first light source and the second light source with one another, such that when an input is made using the at least one input mechanism at the first light source the operation of the at least one light output mechanism of the second light source alters and such that when an input is made using the at least one input mechanism at the second light source the operation of the at least one light output mechanism of the first light source alters; and

3

wherein the computer readable instructions retained in the non-transitory computer-readable memories of the first light source and the second light source cause the computer processors of the first light source and the second light source to contact the server to register a network address of each of the first light source and the second light source, and wherein the receipt of an input at the input mechanism of the first light source causes a message to be transmitted from the first light source to the server and then from the server to the second light source to alter the operation of the at least one light output mechanism of the second light source, and wherein the receipt of an input at the input mechanism of the second light source causes a message to be transmitted from the second light source to the server and then from the server to the first light source to alter the operation of the at least one light output mechanism of the first light source.

13.     As the '202 Patent was determined by the United States Patent and Trademark Office to be valid, enforceable, and patent-eligible, the '202 Patent is granted a presumption of validity pursuant to 35 U.S.C. § 282.

14.     Get Lit is the owner by assignment of all right, title and interest in and to the '202 Patent.

15.     At all times relevant hereto, Get Lit complied with the statutory requirement of 35 U.S.C. § 287 by placing a notice of the '202 Patent on the FRIENDSHIP LAMPs® it sells.

**B.     Defendant's Infringing Conduct**

16.     Upon information and belief, Defendant operates the "ZOCI VOCI" online storefront on Amazon through which it offers and sells Wi-Fi connected "touch lamps" (the "Accused Products") under the Telepathy brand.

17.     According to Defendant's description of the Accused Products on its Amazon listing for the Accused Products, Defendant states that users can, "[e]nter WiFi credentials []once, Telepathy stays connected forever! … A simple touch then, will make all connected lamps glow."

18.     As more fully set forth in **Exhibit B** hereto, the Accused Products read on each and every element of independent claims 1 and 11 of the '202 Patent.

4

19. On or about November 23, 2022, Get Lit, through Amazon, put Defendant on notice of its infringement of the '202 Patent.

20. In addition, on or about January 17, 2023, Get Lit, through its attorneys, put Defendant on notice of its infringement of the '202 Patent. Said notice included a claim chart which described in detail how the Accused Products read on each and every element of the '202 Patent.

21. The notice also demanded, among other things, that Defendant "immediately and permanently cease and desist from offering for sale, selling, importing or manufacturing any communicative lighting products that infringe U.S. Patent Nos. 10,588,202." To date, Defendant has not complied with this demand.

## COUNT I
## DIRECT PATENT INFRINGEMENT

22. Get Lit restates and incorporates by reference Paragraphs 1 through 21 of this Complaint.

23. In violation of 35 U.S.C. § 271, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products that infringe at least Claim 1 of the '202 Patent, namely the Accused Products.

24. Defendant has directly infringed one or more claims of the '202 Patent through manufacture, use, sale, offer for sale, and/or importation of the Accused Products into the United States.

25. The Accused Products include all of the limitations of at least Claim 1 of the '202 as shown in the claim chart attached hereto as **Exhibit B**.

26. Defendant's infringement of the '202 Patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '202 Patent and its infringement thereof, thus acting in reckless disregard of Get Lit's patent rights.

27. Despite being put on written notice of Get Lit's Patent rights, Defendant continues to import and sell the Accused Products in the United States.

28. Because of Defendant's infringement of the '202 Patent, Get Lit has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

29. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue its infringing acts, thereby causing additional irreparable injury to Get Lit for which there is no adequate remedy at law.

## COUNT II
## CONTRIBUTORY PATENT INFRINGEMENT
## (IN THE ALTERNATIVE)

30. Get Lit restates and incorporates by reference Paragraphs 1 through 29 of this Complaint.

31. In violation of 35 U.S.C. § 271, Defendant induces others to infringe at least Claim 1 of the '202 Patent.

32. Since at least November 23, 2022, Defendant has known of the '202 Patent and that the Accused Products infringe that Patent.

33. Defendant, with full knowledge that the use of the Accused Products infringes the '202 Patent, has intentionally induced others to infringe the '202 Patent by selling the Accused Products to others for operation in a manner that infringes the patented system. For example, Defendant induced infringement of the '202 Patent by actively and knowingly encouraging and

facilitating, through its statements on its Amazon store and elsewhere, and sales of the Accused Products, users of the Accused Products to connect the Accused Products to a network accessible by a server, allowing the server to receive messages from Accused Products associated with each other, such that when an input is made on one light source, the light output of the other light source responds in the same way.

34. Defendant's induced infringement of the '202 Patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '202 Patent and its infringement thereof, thus acting in reckless disregard of Get Lit's patent rights.

35. Despite being put on written notice of Get Lit's patent rights, Defendant continues to import and sell the Accused Products in the United States and otherwise induce the infringement of the '202 Patent.

36. Because of Defendant's induced infringement of the '202 Patent, Get Lit has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

37. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue its infringing acts, thereby causing additional irreparable injury to Get Lit for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Get Lit, LLC respectfully requests the Court enter a judgment against the Defendant as follows:

A. That Defendant has infringed one or more claims of the '202 Patent;

B. That Defendant's infringement of the '202 Patent has been willful;

C. Pursuant to 35 U.S.C. § 283, permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or

participation with them, from further acts of direct and/or indirect infringement of the '202 Patent including the manufacture, use, sale, offer for sale, and importation of the Accused Products;

D. Providing a full accounting for and an award of damages to Get Lit for Defendant's infringement of the '202 Patent, but in no event less than a reasonable royalty, including enhanced damages pursuant to 35 U.S.C. § 284 in an amount no less than treble damages, together with pre and post-judgment interest;

E. Declaring that this case is exceptional and awarding Get Lit its costs and reasonable attorney fees under 35 U.S.C. § 285; and

F. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Get Lit hereby demands trial by jury on all claims and issues so triable.

Dated: March 22, 2023

Respectfully submitted,

By: */s/ Kristen E. Hudson*
Kristen E. Hudson
ARDC No: 6281191
David S. Becker
ARDC No: 6271932
DICKINSON WRIGHT PLLC
55 West Monroe, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Facsimile: (844) 670-6009
khudson@dickinson-wright.com
dbecker@dickinson-wright.com

Mark J. Rosenberg (pro hac vice application forthcoming)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
mrosenberg@tarterkrinsky.com

***Attorneys for Plaintiff***